T.C. Memo. 1997-501

UNITED STATES TAX COURT

JOSEPH S. KING, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7532-94.                    Filed November 6, 1997.

Joseph S. King, pro se.

<u>Margaret A. Martin</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case was assigned
pursuant to the provisions of section 7443A(b)(3) and Rules 180,
181, and 182.[1]  This matter is before the Court on respondent's
Motion for Summary Judgment pursuant to Rule 121.

---

[1]     All section references are to the Internal Revenue Code
in effect for the years in issue.  All Rule references are to the
Tax Court Rules of Practice and Procedure.

In the motion, respondent contends that the Court should sustain additions to tax for the taxable years 1985 and 1986, in the amounts of $7,242 and $5,580, respectively, pursuant to section 6651(a).

Background

In two notices of deficiency, both dated February 23, 1994, respondent determined that there are additions to tax due from petitioner pursuant to section 6651(a) for the taxable years 1985 and 1986, in the amounts of $7,242 and $5,580, respectively.  The section 6651(a) late filing addition is the only issue in this case.

Petitioner resided in Kennewick, Washington, when he filed his petition on May 9, 1994.  After several procedural matters were resolved by Order dated January 22, 1996, respondent filed a Notice of Proceeding in Bankruptcy on July 22, 1996.  By Order dated July 24, 1996, pursuant to 11 U.S.C. section 362(a)(8)(1994), all proceedings before this Court were automatically stayed.  In a status report filed September 27, 1996, respondent informed the Court that petitioner received a discharge in his bankruptcy case on August 22, 1996.  Thereafter, on September 27, 1996, we issued an Order lifting the stay of proceedings.  On August 7, 1997, respondent filed the present motion.  We notified petitioner of the filing and requested that he file an objection with the basis therefor, on or before

September 17, 1997.  To date, we have not received an objection from petitioner.

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  It is appropriate if the pleadings and other acceptable materials show that there is no genuine issue as to any material fact and a decision may be rendered as a matter of law.  Rule 121(b); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The moving party bears the burden of proving that summary judgment is warranted.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982).  In deciding a motion for summary judgment, the Court will construe factual inferences in a manner most favorable to the opposing party.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).

Based on the exhibits attached to the motion, the pleadings, and declarations, we find the following.

1.  Petitioner filed a joint income tax return for the taxable year 1985, which was received by respondent's Ogden, Utah, Service Center on August 28, 1986.  The return was due to be filed on or before April 15, 1986.

2.  Petitioner filed a joint income tax return for the taxable year 1986, which was received by respondent's Ogden,

Utah, Service Center on July 27, 1987. The return was due to be filed on or before April 15, 1987.

3. Respondent reviewed the administrative file for each taxable year in issue. The files contain no extensions of time for filing of a Federal income tax return, nor are there any explanations from petitioner as to reasonable cause for late filings.

4. Respondent reviewed the transcripts of account for each taxable year in issue. The transcripts of account revealed that no extensions of time for filing of Federal income tax returns were sought or granted.

5. In the preparation of this case for trial, respondent requested, in a letter dated May 20, 1997, that petitioner provide respondent with a written statement explaining why the addition to tax for late filing under section 6651(a) would not be applicable if petitioner chose not to concede the issue.

6. Petitioner did not answer respondent's May 20, 1997, letter.

Section 6651(a)(1) imposes an addition to tax for failure to file a timely tax return. The addition to tax is equal to 5 percent of the amount of the tax required to be shown on the return if the failure to file is not more than 1 month. An additional 5 percent is imposed for each month or fraction thereof in which the failure to file continues, to a maximum of

25 percent of the tax.  The addition to tax is applicable unless petitioner establishes that the failure to file was due to reasonable cause and not willful neglect.

Here petitioner has not opposed respondent's motion.  He has not offered any explanation to establish that the late filing of his 1985 and 1986 income tax returns was due to reasonable cause. Therefore, there is no genuine issue as to any material fact. Accordingly, respondent is entitled to a summary adjudication with respect to petitioner's liability for the additions to tax as a matter of law.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.